UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

DOROTHY O.[1],                            )
                                          )
          Plaintiff,                      )
                                          )
     v.                                   )     CIVIL NO. 1:21cv206
                                          )
KILOLO  KIJAKAZI, Acting                  )
Commissioner of Social Security,          )
                                          )
          Defendant.                      )

<u>OPINION AND ORDER</u>

     This matter is before the court for judicial review of a final decision of the defendant

Commissioner of Social Security Administration denying Plaintiff's application for Supplemental

Security Income (SSI) under Social Security Act, 42 U.S.C. § 1382c(a)(3). Section 205(g) of the

Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of

the transcript of the record including the evidence upon which the findings and decision

complained of are based.  The court shall have the power to enter, upon the pleadings and

transcript of the record, a judgment affirming, modifying, or reversing the decision of the

[Commissioner], with or without remanding the case for a rehearing."  It also provides, "[t]he

findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be

conclusive. . . ."  42 U.S.C. §405(g).

     The law provides that an applicant for disability benefits must establish an "inability to

engage in any substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to last for a continuous period of no less than 12

months. . . ."  42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A).  A physical or mental impairment

---

[1] For privacy purposes, Plaintiff's full name will not be used in this Order.

is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3).  It is not enough for a plaintiff to establish that an impairment exists.  It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity.  *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979).  It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff.  *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings."  *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g).  "Substantial evidence is defined as 'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977).  "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law."  *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after a hearing, the Administrative Law Judge ("ALJ") made the following findings:

1.    The claimant has not engaged in substantial gainful activity since March 22, 2019, the application date (20 CFR 416.971 *et seq*.).

2.     The claimant has the following severe impairments: post-traumatic stress disorder (PTSD), major depressive disorder, a neurodevelopmental disorder, generalized anxiety disorder, bipolar disorder, mild degenerative disc disease of the lumbar spine, and migraines/headaches (20 CFR 416.920(c)).

3.     The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4.     After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except the claimant should not climb ropes, ladders or scaffolds. The claimant can occasionally kneel, crouch, and crawl. The claimant can occasionally bend and stoop in addition to what is required to sit. The claimant can occasionally use ramps and stairs. Aside from use of ramps and stairs on an occasional basis, the claimant should not work upon uneven surfaces. The claimant should avoid working upon wet and slippery surfaces. The claimant can perform the balance required of such activities. The claimant should avoid work within close proximity to open and exposed heights and open and dangerous machinery such as open flames and fast moving exposed blades. The claimant is unable to perform complex or detailed tasks. The claimant can perform simple, tasks and instructions throughout the workday. The tasks contemplated are SVP 1 and 2 type tasks that can be learned within a short period through short demonstration, or when beyond short demonstration, within up to 30 days. The tasks may be as simple and mundane of a task such as taking and packing the same item all day every day, or a task that is simple in nature but completed before moving to the next task, such as picking up one item, inspecting it for a flaw-such as a burr, and placing it into piles or boxes all day every day. Essentially, the type of tasks remain the same from day to day. The claimant can respond or adapt to the changes, cope with the stress and engage in the decision-making required of such tasks. The claimant can engage in the superficial interaction with supervisors, coworkers and the public in a manner consistent with SVP 1 and 2 type tasks in which prolonged or intense conversation is not needed for task completion. Brief instructions from supervisors are still needed and accepted. Casual conversation with others can take place if so desired and if allowed by the employer. Work should not involve any extensive reading beyond short lists, signs, simple short instructions, or more than basic math in adding and subtracting and no multiplication or division unless equipped with a calculator. With such limitations in place, the claimant can maintain the concentration, persistence, adaptation and even the pace required of such tasks for two-hour increments, and for eight hour work days-within the confines of normal work place breaks and lunches-on a sustained day to day basis. The claimant should avoid work within close proximity to very loud noises (level

5) such as a fire alarm or very bright flashing lights such as a strobe more than occasionally.

5.  The claimant is capable of performing past relevant work as a Packing Line Worker. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 416.965).

6.  The claimant has not been under a disability, as defined in the Social Security Act, since March 22, 2019, the date the application was filed (20 CFR 416.920(f)).

(Tr. 17-29).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to benefits, leading to the present appeal.

Plaintiff filed her opening brief on January 10, 2022. On March 22, 2022, the defendant filed a memorandum in support of the Commissioner's decision to which Plaintiff replied on this same date. Upon full review of the record in this cause, this court is of the view that the Commissioner's decision should be affirmed.

A five step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

4

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984).   In the present case, Step 4 was the determinative inquiry.

The relevant period of time is from March 22, 2019 (when Plaintiff applied for SSI) through September 29, 2020 (the date of the ALJ's decision). This is the period addressed by the ALJ's decision that is the subject of this judicial review (*see* Tr. 29).

Plaintiff's arguments concern the medical opinion evidence as to functional limitations and alleged limitations due to genitourinary and rectal problems. The relevant evidence is summarized below.

Prior to the relevant period, in September 2018, Plaintiff was diagnosed with, *inter alia*, stress urinary incontinence, sphincteric deficiency, and urethrovesical junction hypermobility (*see* Tr. 1145). Plaintiff underwent surgery at that time. (Tr. 1145-46 ("transobturator taping procedure followed by cystoscopy")). Later medical records, during the relevant period, documented some complaints of incontinence during a 5-month period from September 2019 through January 2020 (*see* Tr. 1477, 1482, 1476, 1501). Treatment options, including a hysterectomy, were discussed (Tr. 1476), and Plaintiff underwent a hysterectomy on January 7, 2020. (Tr. 1495-96). There were no complaints of incontinence after the surgery (*see* Tr. 1493-94 (Jan. 8, 2020, no mention of incontinence at discharge), 1503 (Feb. 27, 2020, "She complains of no significant symptoms or problems since the surgery"), 1510 (Jun. 23, 2020, "no… bladder incontinence, bowel incontinence…"), 1512 (Jun. 23, 2020, "Negative for bladder incontinence. Neg for incontinence")).

On May 30, 2019, State agency psychologist Dr. Kennedy, Psy.D, reviewed the available

evidence and opined that Plaintiff was "able to: understand, carry out and remember simple instructions; able to make judgments commensurate with functions of simple, repetitive tasks; able to respond appropriately to brief supervision and interactions with coworkers and work situations; [and] able to deal with changes in a routine work setting" (Tr. 135).

On June 17, 2019, John Mericle, M.D., evaluated Plaintiff. (Tr. 1180-91). Dr. Mericle opined that, *inter alia*, Plaintiff had normal gait/station; could walk on heels/toes, tandem walk, squat (Tr. 1186); and couldn't stand/walk for at least 2 hour in an 8-hour day due to "too much back pain". (Tr. 1187).

On June 20, 2019, State agency physician Dr. Ruiz reviewed the available evidence, including Dr. Mericle's report. (Tr. 130). Dr. Ruiz opined that Plaintiff did not have any "severe" physical impairment (Tr. 131 ("Not Severe")), as that term is defined at 20 C.F.R. § 416.922.

On August 26, 2019, State agency psychologist Dr. Neville, Ph.D., reviewed the updated evidence and concurred with Dr. Kennedy's opinion. (Tr. 148). Also on August 26, 2019, State agency physician Dr. Brill reviewed the updated evidence and concurred with Dr. Ruiz's opinion of non-severity. (Tr. 144).

In his decision, the ALJ found that Plaintiff had "severe" impairments that were not presumptively disabling (Tr. 18) but which limited her to light work (as defined at 20 C.F.R. § 416.967(b)) with additional postural, environmental, and mental limitations (Tr. 20). *See* 20 C.F.R. § 416.920(a)(4)(ii-iii). The ALJ found that, despite her impairments, Plaintiff retained the ability to perform her past relevant work as a packing line worker Tr. 28-29). Therefore, the ALJ concluded that Plaintiff was not disabled (Tr. 20). *See* 20 C.F.R. § 416.920(a)(4)(iv) ("If you

can still do your past relevant work, we will find that you are not disabled").

In support of remand, Plaintiff argues that the ALJ failed to properly consider what she terms "vaginal/urinary/rectal issues". Plaintiff contends that her incontinence is a severe impairment, and that she requires more frequent bathroom breaks than most people.  Plaintiff alleges that she has incomplete uterovaginal prolapse, midline cystocele, rectocele, incompetence or weakening of pubocervical tissue, urge and stress incontinence. Plaintiff claims that these conditions cause her pain.

The Commissioner argues that Plaintiff has failed to show that she had persistent vaginal/urinary/rectal impairments. That is, while there is evidence of such problems, the medical records document complaints of incontinence, during the relevant period, over the course of only 5 months. Plaintiff was then treated via surgery, and the medical records show that Plaintiff did not have any further complaints. Thus, even if Plaintiff had established disabling functional limitations arising from incontinence, it would have been insufficient to satisfy the statutory and regulatory duration requirement of 12 continuous months. *See* 42 U.S.C. § 423(d)(1)(A) (defining disability as lasting (or being expected to last) "a continuous period of not less than 12 months"); 20 C.F.R. § 416.909 (requiring an impairment to last "for a continuous period of at least 12 months").

Additionally, Plaintiff failed to show that her vaginal/urinary/rectal impairments resulted in any work-related functional limitations. Plaintiff has not identified any medical opinion of functional limitations resulting from those medical problems, as no doctor has stated that her ability to work was affected by those medical problems. "The [Commissioner] is entitled to rely not only on what the record says, but also on what it does not say." *West v. Berryhill*, No.

7

1:16-cv-424, 2017 WL 5122380, at *5 (N.D. Ind. Nov. 3, 2017) (bracketed text in original), *aff'd*, 733 F. App'x 843 (7th Cir. 2018). Obviously, if the medical evidence did not establish any vaginal/urinary/rectal impairments or associated functional limitations, there was nothing for the ALJ to consider.

Additionally, Plaintiff has failed to establish any functional limitations greater than those found by the ALJ. In support of her assertions of more and greater functional limitations, Plaintiff argues that she had a "vaginal wall enterocele". Based on a citation to a medical text, she asserts that this enterocele could cause back symptoms and, therefore, bolsters her allegation of disabling back pain. However, Plaintiff's argument fails because there is no record medical evidence that her enterocele resulted in back pain. Plaintiff's argument also fails because the ALJ did not question that Plaintiff had symptoms that included back pain. (Tr. 23). Rather, the ALJ found that the "intensity, persistence, and limiting effects of these symptoms" were not consistent with the evidence. (Tr. 23). Thus, Plaintiff's identification of another possible cause of her back pain is superfluous. Also, Plaintiff does not mention any of the ALJ's findings on that point; does not present any legal argument showing that the ALJ's credibility finding was "patently wrong," *see, e.g., Prill v. Kijakazi*, 23 F.4th 738, 748 (7th Cir. 2022) ("Because that credibility determination was not patently wrong, we cannot disturb it"); and has therefore waived any such argument, *see, e.g., Krell v. Saul*, 931 F.3d 582, 586 n.1 (7th Cir. 2019) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority").

Plaintiff also argues that "[o]ther vaginal / urinary / rectal impairments were likewise unaccounted for" (Pl. Brief 20). She asserts that those impairments resulted in mental functional limitations that the ALJ did not consider. However, as discussed above, Plaintiff has not

identified any medical evidence supporting functional limitations, physical or mental. Rather, Plaintiff engages in speculation about her alleged functional limitations. For example, Plaintiff asserts that she uses "4 pads per day", although it is unclear how this could possibly be disabling as changing a pad is not time-consuming. Plaintiff speculates that she should be restricted from exposure to pulmonary irritants because that could cause her to cough and sneeze, possibly exacerbating her alleged incontinence. She claims that she would have an unusual need for bathroom breaks and that her problems would result in "bad days". Plaintiff asserts that these problems affected her ability to do sedentary or light work, despite the medical opinion evidence to the contrary.

Apparently accepting defeat in her two-sentence reply, Plaintiff fails to acknowledge that her documented urinary incontinence was limited to a 5-month period from September 2019 through January 2020 (Tr. 1477, 1482, 1476, 1501) and that there were no more complaints after her January 2020 surgery (*see* Tr. 1493-94, 1503, 1510, 1512). Therefore, even if there were such disabling functional limitations, they did not persist long enough to satisfy the definition of disability. *See* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.909.

Moreover, Plaintiff does not identify any medical evidence to support any persistent functional limitations arising from her vaginal/urinary/rectal impairments. Rather, she only speculates as to <u>possible</u> functional limitations. *Reynolds* is instructive on this point:

> Crucially, however, an ALJ need only include limitations that are supported by the medical record. *See, e.g., Deborah M.*, 994 F.3d at 791 (concluding the ALJ properly omitted manipulative limitation from RFC because "[n]o doctor who addressed Plaintiff's carpal tunnel syndrome ever deemed it a manipulative limitation").

*   *   *

9

> Essentially, Reynolds argues that the ALJ should have weighed the evidence differently and imposed an additional limitation on her RFC. She points to notes [from a clinician and another practitioner.] . . . None of these observations, however, amount to medical evidence that Reynolds's RFC should have included a qualitative interaction limitation. The ALJ was not required to impose such a limitation in the RFC, much less explain her decision not to.

*Reynolds v. Kijakazi*, 25 F.4th 470, 474 (7th Cir 2022).

Plaintiff also argues that the ALJ improperly considered the possibility of presumptive disability under the Listing of Impairments at 20 C.F.R. Part 404, Subpt, P, App. 1. Plaintiff's argument on this point is vague and undeveloped. Plaintiff does not even mention any Listing under which she claims to be presumptively disabled. Thus, any argument related to the Listings is deemed waived. *See, e.g., Krell*, 931 F.3d at 586 n.1 ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority").

Plaintiff also contends that the ALJ "ignore[d] an entire line of evidence" and "failed to provide a logical bridge" between the evidence and his findings (Pl. Brief 24). But the ALJ did not ignore any "line of evidence" as to any alleged functional limitations arising from vaginal/ urinary/rectal impairments.  Plaintiff did not identify any medical evidence of such functional limitations, so there was no "line of evidence" for the ALJ to consider.

The record is clear that the ALJ's decision is supported by substantial evidence.  This Court declines Plaintiff's invitation to reweigh the evidence.  As there is no basis for remand, the decision will be affirmed.

<u>Conclusion</u>

On the basis of the foregoing, the Decision of the Commissioner is hereby AFFIRMED.


Entered: March 24, 2022.


s/ William C.  Lee
William C. Lee, Judge
United States District Court